**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KITE FAMILY INVESTMENT
COMPANY; JAMES B. KITE, JR.
REVOCABLE TRUST, JEAN
WHITENECK; WILBUR G.
WHITENECK FAMILY TRUST;
VIRGINIA C. WHITENECK
REVOCABLE TRUST; WILBUR G.
WHITENECK IRREVOCABLE
TRUST; ELEANOR ANNE ISAACS
IRREVOCABLE TRUST; WOLF
CREEK ENTERPRISES INC.;
HARPER COUNTY FARMS INC.;
ROXY ANN MERKLIN
REVOCABLE TRUST; THOMAS R.
MERKLIN REVOCABLE TRUST;
and DAVID WRIGHT,

     Plaintiffs-Appellants,

  v.

KENTON LEVINGS; KENTON &
BRANDI, INC.; LEVINGS
LEARNING LLC,

     Defendants,

------------------------

HOUSTON CASUALTY COMPANY,

     Garnishee-Appellee.

Nos.  05-6364, 06-6007
(D.C. No. 03-CV-1469-W)
(W.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

Appellants appeal from the district court's grant of summary judgment in favor of appellee Houston Casualty Company and from the district court's award of attorney fees and costs to Houston Casualty. Appellants had a consent judgment entered in their favor against the defendants Kenton Levings, Kenton & Brandi, Inc. (K&B) and Levings Learning LLC (the LLC) on a claim for negligent misrepresentation. Houston Casualty had issued an insurance policy to the LLC and appellants sought to recover their judgment from Houston Casualty under the policy issued to the LLC, but Houston Casualty denied coverage. Appellants then initiated a garnishment proceeding against Houston Casualty.

In the garnishment proceeding, Houston Casualty filed a counterclaim seeking a declaration that it was not obligated to provide coverage under the policy. It then filed a motion for summary judgment arguing that neither

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Levings in his capacity as an officer or manager of the LLC nor the LLC itself committed a "Wrongful Act" as that term is described in the policy. Coverage under the policy is only available for a "Wrongful Act" committed by an Insured Person in his capacity as an officer or manager of the Insured Organization. There was no policy issued to K&B or to Mr. Levings in his individual capacity. The district court agreed with Houston Casualty's interpretation of the scope of its coverage under the policy and granted summary judgment in its favor.

Appellants argue that the district court misapprehended their negligent misrepresentation claim because Mr. Levings did make a misrepresentation and omission in his capacity as an officer and manager of the LLC. We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *See Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000).

Having considered the briefs, the record and the applicable law, we agree with the district court's determination that "neither an Insured Organization nor an Insured Person in his capacity as a director, officer, member or manager of an Insured Organization committed the Wrongful Act for which coverage is sought," Aplt. App., Vol. II, Tab 17 at 673, and therefore Houston Casualty was entitled to summary judgment in its favor. Accordingly, we AFFIRM the judgment for

substantially the same reasons stated by the district court in its Order filed September 26, 2005.

In the appeal challenging the attorney fees award, appellants argue that if this court reverses the district court's summary judgment determination then Houston Casualty will no longer be a prevailing party under Okla. Stat. tit. 12, § 1190(b)(1) and will not be entitled to an award of its attorney fees and costs. The attorney fees appeal is therefore completely dependent on the outcome of the summary judgment determination. Because we affirm the district court's summary judgment determination, the attorney fees award is also affirmed. Accordingly, we AFFIRM the district court's judgment, filed December 9, 2005, awarding attorney fees and costs to Houston Casualty.

Entered for the Court


Michael W. McConnell
Circuit Judge